### ARTHUR J. KEER, v. THE STATE OF NEW JERSEY.

By virtue of the second section of the act relating to the jurisdiction of counties (*Gen. Stat.*, p. 1003, § 33), all criminal offences which are committed on any highway of this state which divides any of the counties therein, are triable in the county in which the offender last resided previous to the commission of such offence.

On error to the Middlesex Quarter Sessions.

Argued at November Term, 1897, before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the plaintiff in error, *Freeman Woodbridge.*

For the state, *John S. Voorhees,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, J.   The plaintiff in error was convicted of malicious mischief, in unlawfully and maliciously breaking and injuring a buggy-wagon, the property of one Charles A. Oliver.   The illegal act was done while the plaintiff in error was driving along the "Trenton turnpike," through the centre of which road the dividing line runs which separates the county of Middlesex from the county of Somerset.   At the close of the state's case a motion was made to discharge the prisoner on the ground that the state had failed to prove that the offence charged in the indictment had been committed in the county of Middlesex, it not having been shown on

which side of the centre line of the road the prisoner was when he maliciously broke Oliver's buggy.

The motion to discharge having been overruled by the trial court, an exception was taken to the ruling, and we are now asked to set aside the conviction for this alleged error. The motion was properly refused.

By the second section of the act relating to the jurisdiction of counties, it is provided that " where any treason, murder or other offence hath been or shall be hereafter committed on any of the rivers, creeks, highways or roads which divide or hereafter shall divide any of the counties within this state, such offences shall be inquired of and tried by a jury of that county where the offender last resided." *Gen. Stat., p.* 1003, § 33.

In the present case it was shown that the prisoner, prior to and at the time of the commission of the offence for which he was indicted was a resident of the county of Middlesex, and that he continued to reside there at the time of his trial. By force of the statutory provision referred to, the offence was triable in the Middlesex Sessions, and the jurisdictional facts had been proved when the state rested.

Other errors have been assigned, but they are not of sufficient importance to require special discussion. They attack the frame of the indictment, the admission of testimony and the charge of the court. It is enough to say that they have, each of them, been considered by us and found to be without substance.

The judgment should be affirmed.